STATE ex rel. LORAIN METROPOLI-
TAN HOUSING AUTHORITY BOARD
OF COMMISSIONERS, Relator,

v.

MAYOR OF THE CITY OF LORAIN,
et al., Respondents.

No. 1:00 CV 576.

United States District Court,
N.D. Ohio,
Eastern Division.

June 11, 2001.

Daniel D. Manson, Dennis M. O'Toole, Baumgartner & O'Toole, Amherst, OH, for plaintiffs.

Donald M. Zaleski, Mark R. Provenza, Lorain, OH for defendants Craig Foltin, Drake Hopewell.

Gregory A. White, Prosecuting Attorney, Elyria, OH, M. Robert Flanagan, Office of the Prosecuting Attorney, Elyria, OH, for defendants Frank J. Horvath, Edward Zaleski.

M. Robert Flanagan, Office of the Prosecuting Attorney, Elyia, OH, for defendant Lorain County Commissioners.

## MEMORANDUM OPINION AND ORDER

BAUGHMAN, United States Magistrate Judge.

### Introduction

The parties have consented to the jurisdiction of the magistrate judge. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

This action was brought on behalf of the Board of the Lorain Metropolitan Housing Authority to challenge the Mayor of the City of Lorain's appointment of defendant Drake Hopewell to the Board. 42 U.S.C. § 1437(b)(1) requires that, as of October 1, 1999, the board of a public housing agency have at least one member who resides in the agency's housing. At the time of Hopewell's appointment in December of 1999, the LMHA Board had no member who resided in the Authority's housing—*i.e.,* a resident member. When appointed, Hopewell did not reside in LMHA housing, nor has he become a resident since.

By memorandum opinion and order of September 1, 2000, this Court concluded that the appointment of Hopewell violated 42 U.S.C. § 1437(b)(1) and that the composition of the Board of LMHA did not comply with that statute's requirements. The issue now before the Court is the appropriate remedy to bring LMHA into permanent compliance with the statute's mandate that residents of the Authority's housing have one of their own on the Authority's Board.

The Court concludes that compliance with 42 U.S.C. § 1437(b)(1) should occur by the Mayor of Lorain's appointment of a resident to the current vacancy on the Board created by the resignation of Board Member Reynaldo Carrion. The resident shall serve for the balance of the unexpired term—until December 1, 2003. The Mayor must thereafter appoint a resident of Authority housing to serve in that seat, which hereinafter will be referred to as Mayor's Appointment # 1, as long as 42 U.S.C. § 1437(b)(1) remains in force and effect.

To insure that the residents of Authority housing have knowledge of the representation on the Board that the statute makes available and the opportunity to apply for appointment to the Board, the Court hereby orders the Board and the Mayor to give notice of any pending appointment of a resident to Mayor's Appointment # 1 as follows:

- Written notice of the pending appointment must be given to the tenant councils of the various properties managed by the LMHA, and such notices must be posted on the community bulletin board maintained in the management office of each property.

- Such notice must announce a date for receipt of applications for appointment to the Board, and such date must be not less than 30 days from the date of the mailing of the notice to the tenant councils or the posting of the notice on the community bulletin boards, whichever is later.

• Such notice must clearly set out the procedures for a resident to make application for appointment to the Board. If the Board and Mayor determine that a form of application will be used, then such forms must be made available in sufficient quantities in the management offices of the properties maintained by LMHA and the notice must inform the residents of the form and its availability.

• The Mayor's appointment of a resident to his Appointment # 1 must occur no sooner than 14 days after the date for receipt of applications set forth in the notice of the pending appointment.

Nothing in this memorandum opinion and order or in the judgment in this case shall prevent the appointing authorities other than the Mayor from appointing a resident member to the Board. Such an appointment will not, however, relieve the Mayor from the obligations imposed by the judgment herein.

## Facts

The relevant, material facts are not in dispute. LMHA is a metropolitan housing authority organized and existing under Ohio Revised Code § 3735.27. Subsection (B) of that statute provides for a five-member board, each serving a term of five years. The terms of the five board members are staggered. According to Ohio Revised Code § 3735.27(B), the authorities making appointments to the Board are the Lorain County Court of Common Pleas, General Division; the Lorain County Court of Common Pleas, Probate Division; the Lorain County Board of Commissioners; and the Mayor of the City of Lorain, who has two appointments.

The expiration dates for the terms of current members of the Board are as follows:

| | |
|---|---|
| General Division | - December 7, 2001 |
| Probate Division | - November 11, 2002 |
| Mayor # 1 | - December 1, 2003 |
| Mayor # 2 | - December 13, 2004 |
| Commissioners | - October 12, 2005 |

A recent resignation has left the Mayor # 1 seat vacant. None of the current Board members reside in housing managed by the authority.

## Procedural History

The plaintiffs filed a complaint on behalf of the LMHA Board of Commissioners seeking a writ of *quo warranto* to remove from the Board defendant Drake Hopewell, an appointee of the Mayor of Lorain. The complaint asserted that the Hopewell appointment violated 42 U.S.C. § 1437(b)(1), which requires the Board as of October 1, 1999 to have a member who resides in Authority housing.

By memorandum, opinion and order entered on September 1, 2000,[1] the Court concluded that the Hopewell appointment violated 42 U.S.C. § 1437(b)(1) because at the time of his appointment in December of 1999, Hopewell did not reside in Authority housing nor did any other then-current member of the Board .[2] Regarding remedy, however, the Court expressed reservations about its power to issue *quo warranto* relief.[3] The Court hereby incorporates by reference the findings and conclusions contained in the memorandum opinion and order.

At a subsequent status conference the Court and the parties discussed whether the relief sought in the complaint would provide for the Board's permanent compliance with the statute and whether the Court could order relief bringing about

---

1. Electronic Case Filing ("ECF") # 25.

2. ECF # 25, p. 4.

3. *Id.* at 7.

such permanent compliance without the other appointing authorities as parties. To insure that any relief granted will bring the Board into statutory compliance without further judicial intervention, the Court granted the plaintiffs leave to amend the complaint to join the other appointing authorities as defendants.[4]

After the joinder of additional defendants, the Court ordered the parties to file proposals for bringing the Board into permanent compliance with the resident-member requirement of the statute.[5] Following the filing of such proposals, the Court conducted a hearing.[6] At the hearing counsel advised the Court that a recent resignation had created a vacancy in Mayor Appointment # 1.[7] The Court ordered counsel for the Mayor to file a supplemental proposal explaining how the appointment to this vacant seat might factor into the compliance proposal previously made.[8] The Mayor filed the supplemental proposal,[9] and the other defendants filed responses thereto.[10]

Thereafter the Court conducted a telephonic conference on the record, which dealt primarily with the issue of what notice of a pending appointment residents of Authority housing should receive.[11]

### Proposals for Statutory Compliance

1. **Proposal of the Mayor of the City of Lorain**

The Mayor has submitted a proposal whereby appointment of the resident member would rotate among the appointing authorities.[12] Under the Mayor's plan, the resident member would be reappointed yearly by the appointing authorities to serve the first year of each successive term.[13] In effect, the resident member would serve the first year of a term and then resign to accept an appointment to the next seat whose term expired. This would continue on a yearly basis. For example, the Common Pleas General Division would appoint a resident to the term beginning in December of 2001. The resident would serve in that seat until the Common Pleas Probate Division appointed a member in October of 2002. At that point, the resident would take the Probate Division seat, permitting the General Division to appoint a different person without respect to residency to the remaining four years of the term for its seat. Each successive appointing authority would be required to appoint the same resident member originally appointed by the General Division. After five years, the appointment would return to the General Division, which could continue the same resident for another five years or select a different resident.[14]

The Mayor's supplemental proposal provides for the appointment of a resident to Mayor's Appointment # 1, with the rotation of the resident member among the appointing authorities to begin with the General Division's appointment in Decem-

---

4. ECF # 27.

5. ECF # 34.

6. ECF # 48, Transcript of the Hearing of May 1, 2001.

7. *Id.* at 7–8.

8. ECF # 42.

9. ECF # 44.

10. ECF # s 45 and 46.

11. ECF # 49, Transcript of Telephone Conference of May 14, 2001.

12. ECF # 40.

13. *Id.* at 2.

14. ECF # 49, Transcript of Telephone Conference of May 14, 2001, pp. 6–7.

ber of 2001.[15]

## 2. Proposal of the Lorain County defendants and the plaintiffs

The General and Probate Court Divisions of the Lorain County Court of Common Pleas, the County Board of Commissioners, and the plaintiffs object to the proposal to rotate the appointment of the Board's resident member.[16] Instead, they propose that the Mayor of Lorain, who appoints two board members, should always have to appoint a resident to one of those two seats.[17] They urge the Court to immediately remove Hopewell from the Board and to require the appointment of a resident in his place.[18]

The Lorain County defendants and the plaintiffs oppose the Mayor's supplemental plan.[19] It is not clear whether they object to bringing about initial compliance by the appointment of a resident to the now vacant Board seat, as opposed to the removal of Hopewell and the appointment of a resident in his place. In any event, they continue to urge the Court to require the Mayor to permanently use one of his appointments to satisfy the statute's resident member requirement.[20]

### Applicable Law

On October 21, 1998 the Quality Housing and Work Responsibility Act of 1998,[21] also known as the Public Housing Reform Act,

became law. Section 505 of the Act amended 42 U.S.C. § 1437 to require that boards of public housing agencies include at least one person "directly assisted" by the agency—a resident of housing maintained by the agency:

> [T]he membership of the board of directors or similar governing body of each public housing agency shall contain not less than 1 member—
>
> (A) who is directly assisted by the public housing agency .... [22]

LMHA is a "public housing agency" to which this requirement applies. 42 U.S.C. § 1437(b)(1) became effective on October 1, 1999.[23] The statute clearly mandates, therefore, that after October 1, 1999, the Board of LMHA must include at least one resident member.

This requirement overlays the structure for boards of metropolitan housing authorities established by Ohio Revised Code § 3735.27. Under that statute the Board must consist of five members, each serving a five-year term.[24] The terms of board members are staggered at intervals of one year.[25]

Section 3735.27 also contains a provision for a member of a metropolitan housing authority board who is a resident of "a dwelling unit owned or managed by the housing authority." [26] This requirement only applies to authorities that cover a

---

15. ECF # 44, p. 2.

16. ECF # 38, Plaintiff's Proposed Plan; ECF # 39, Lorain County's Proposed Remedy Brief.

17. ECF # 38, p. 2; ECF # 39, p. 2.

18. ECF # 38, p. 1; ECF # 39, p. 2.

19. ECF # 45, Plaintiff's Memorandum in Opposition to Supplemental Plan; ECF # 46, Lorain County's Memorandum in Opposition to Supplemental Plan.

20. *Id.*

21. Pub.L. No. 105–276, 112 Stat. 2522 (1998).

22. 42 U.S.C. § 1437(b)(1).

23. Pub.L. No. 105–276, Title V, § 503, 112 Stat. 2521 (1998).

24. Ohio Revised Code § 3735.27(B).

25. Id.

26. Ohio Revised Code § 3735.27(C).

district containing more than one million persons.[27] The population of LMHA's district falls short of that number,[28] and, therefore, the state statute's resident member requirement does not apply here. Nevertheless, the mechanics of the appointment of a resident member under the state statute offers insight into the Ohio General Assembly's approach to selecting a resident member of a five-member housing authority board organized under § 3735.27. Ohio Revised Code § 3735.27(C) provides that the chief executive officer of the most populous city in the housing authority district shall appoint the resident member to the board. The chief executive officer of the most populous city in LMHA's district is the Mayor of the City of Lorain.

## Remedy

LMHA is out of compliance with 42 U.S.C. § 1437(b)(1)'s resident board member requirement and has been noncompliant since that requirement became effective on October 1, 1999, almost two years ago. Each party has proposed a remedy that will establish a permanent procedure for maintaining a resident of Authority housing on the Board. Counsel for each party has stipulated on the record that his client or clients do not challenge the authority of this Court to order any remedy proposed by any of the parties.[29]

At the hearing held on May 1, 2001, the Court expressed the concern that the permanent designation of one appointing authority as the source for the appointment of the resident board member might disadvantage those who reside in LMHA housing.[30] A procedure whereby the resident member appointment rotates among the appointing authorities could conceivably better serve the residents by giving them a changing forum to express concerns if they believe that the representative appointed by one appointing authority is not effectively representing their interests.

None of the proposals presented to the Court address this concern. The Mayor's proposal would place the resident tenant appointment permanently with the General Division. Although technically the resident appointed by the General Division would rotate at one-year intervals through the seats of the other appointing authorities, those other authorities could not appoint a person other than the one originally appointed by the General Division. A change could only be made when the appointment comes back to the General Division, or perhaps if the resident appointed by the General Division resigns while occupying a seat appointed by another authority. The proposals of the plaintiffs and the Lorain County defendants place the resident member appointment permanently with the Mayor.

Mathematically, the resident member appointment can only rotate among the appointing authorities if the resident member serves for an even number of years, such as four or six. Such a procedure would conflict with the five-year term provided for by the state statute.

As pointed out by the plaintiffs and the Lorain County defendants, the Mayor's proposal conflicts with Ohio Revised Code § 3735.27 in several respects. First, it provides the General Division with two appointments to the Board at all times except in the first year after the resident board member's appointment. Under the

27. Id.

28. ECF # 49, Transcript of the Telephone Conference of May 14, 2001, p. 2.

29. ECF # 48, Transcript of the Hearing of May 1, 2001, pp. 18–19.

30. Id. at 11–12.

Mayor's supplemental proposal, the Mayor's initial resident member appointment would continue on the Board until December of 2006, thereby giving him three appointees on the Board until the next mayoral appointment in 2008. In any event, the statute does not provide for the General Division to have more than one appointee or for the Mayor to have more than two appointees on the Board at a time.

Second, only the resident board member would serve a five-year term. The other board members would serve four-years terms, completing the terms initially occupied by the resident board member as he or she rotates yearly through all the seats on the Board. The statute, however, provides for five-year terms.

The Court deems it beneficial to harmonize the resident board member requirement of 42 U.S.C. § 1437(b)(1) with the statutory scheme for the organization and operation of metropolitan housing authority boards established by Ohio Revised Code § 3735.27 if at all possible. Accordingly, the appointment of the resident member must continually remain with a single appointing authority and attach to a designated seat on the Board.

■ In choosing the appointing authority that will make the resident-member appointment, the Court takes guidance from the Ohio General Assembly. In structuring the appointment scheme for its resident-member requirement in Ohio Revised Code § 3735.27(C), the General Assembly designated the chief executive officer of the most populous city in the territory included in the housing authority's district as the authority to appoint the resident board member. Although this subsection does not apply to LMHA because its dis-

trict contains less than one million people, nevertheless the provision clearly evidences the General Assembly's policy determination that if a housing authority board is to have a resident member on its board by statutory mandate, the appointing authority controlling the most seats should make that appointment. The chief executive office of the most populous city in LMHA's district is the Mayor of the City of Lorain.

Consistent with the spirit of Ohio Revised Code § 3735.27, the Mayor of the City of Lorain will have continuing responsibility for the appointment of the statutorily required resident board member. This appears equitable on the facts here because the substantial majority of the housing units of the LMHA exist within the City of Lorain,[31] somewhere between 64% and 70% of the units.[32]

■ The Lorain County defendants and the plaintiffs propose that the Court order defendant Hopewell off the Board and direct the Mayor to appoint a resident in his place. Although Hopewell's appointment did violate the federal statute, the vacancy created on the Board by Mr. Carrion's recent resignation from Mayor's Appointment # 1 makes that removal unnecessary. As the plaintiffs have conceded, if the Court orders Hopewell's removal from the Mayor's Appointment # 2 seat, and the appointment of a resident in his place, the Mayor will have the right to appoint Hopewell to fill Carrion's unexpired term.[33] Such a political game of musical chairs is not necessary. The Mayor must, therefore, appoint a resident to complete the balance of the term for Mayor's Appointment # 1. The permanent procedure for appointment of a resident board member

31. *Id.* at 10.

32. Id. at 11.

33. ECF # 45, p. 2.

will commence in December of 2003 when the current term for that seat expires.

Counsel discussed with the Court during the telephone conference of May 14, 2001, the desirability of a procedure for notifying residents of any pending appointment to the resident seat on the Board. Each counsel stated on the record that he had no objection to such a procedure.[34] Because notice to the residents of a pending appointment and the opportunity to apply for consideration for the appointment will advance the goal of providing residents with effective representation on the LMHA Board, the Court orders the Board and the Mayor to adhere to the procedures for notice and receiving applications outlined in the Introduction to this memorandum opinion and order.

IT IS SO ORDERED.

### *JUDGMENT*

This action came on for hearing before the Court, the Honorable William H. Baughman, Jr., Magistrate Judge, presiding, and the issues having been duly heard and a decision having been duly rendered by the Court's Memorandum Opinion and Order of June 11, 2001,

IT IS ORDERED AND ADJUDGED that:

- The Mayor of City of Lorain must appoint a resident of Authority housing to the current vacancy on the Lorain Metropolitan Housing Authority Board created by the resignation of Board Member Reynaldo Carrion. The resident shall serve for the balance of the unexpired term—until December 1, 2003. The Mayor must thereafter appoint a resident of Authority housing to serve in that seat, which hereinafter will be referred to as Mayor's Appointment

# 1, as long as 42 U.S.C. § 1437(b)(1) remains in force and effect.

- Written notice of a pending appointment subject to this judgment must be given to the tenant councils of the various properties managed by the LMHA, and such notices must be posted on the community bulletin board maintained in the management office of each property.

- Such notice must announce a date for receipt of applications for appointment to the Board, and such date must be not less than 30 days from the date of the mailing of the notice to the tenant councils or the posting of the notice on the community bulletin boards, whichever is later.

- Such notice must clearly set out the procedures for a resident to make application for appointment to the Board. If the Board and Mayor determine that a form of application will be used, then such forms must be made available in sufficient quantities in the management offices of the properties maintained by LMHA and the notice must inform the residents of the form and its availability.

- The Mayor's appointment of a resident to his Appointment # 1 must occur no sooner than 14 days after the date for receipt of applications set forth in the notice of the pending appointment.

---

**34.** ECF # 49, p. 6.